CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 30 2013

JULIA ~~DUDLEY~~ CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RALPH EARNEST HALL, <br> Plaintiff, | Civil Action No. 7:13-cv-00427 |
| v. | MEMORANDUM OPINION |
| NEW RIVER VALLEY <br> REGIONAL JAIL, et al., <br> Defendants. | By: Samuel G. Wilson <br> United States District Judge |

Ralph Earnest Hall, a Virginia inmate proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983 against the New River Valley Regional Jail ("NRVRJ") and the Virginia Department of Corrections ("VDOC"). Hall alleges the defendants have denied and continue to deny him adequate medical care for a nonspecific injury to his leg at least in part by not transferring him to a VDOC facility and not sending him for an outside medical consult. The court finds Hall has failed to state a plausible claim for relief against the NRVRJ and the VDOC and will, accordingly, dismiss Hall's Complaint without prejudice.

To state a claim under § 1983, a plaintiff must allege facts indicating he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by *a person* acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). The NRVRJ is not a "person" subject to suit under § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[I]n common usage, the term 'person' does not include the sovereign, [and] statutes employing the [word] are ordinarily construed to exclude it.") (internal quotation marks omitted) (quoting Wilson v. Omaha Tribe, 442 U.S. 653, 667 (1979)); Preval v. Reno, 203 F.3d 821 (4th Cir. 2000) (table decision) (affirming the district court's § 1915A dismissal on the ground that a jail is "not a 'person'" and, therefore, not amenable to suit under § 1983). In certain instances, however, local governing

bodies can be sued directly under § 1983, namely where the allegedly unconstitutional action implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers. See Mondell v. New York City Dept. of Social Services, 436 U.S. 658, 690 (1978). To prove that a governmental entity, such as a local jail, is liable for constitutional violations committed by its employees, the plaintiff must show that the entity's policy was "the moving force of the constitutional violation." Polk County v. Dodson, 454 U.S. 312, 326 (1981). Hall has made general allegations about necessary paperwork and what certain individuals could and could not do about his requests, but he does not mention a policy and does not state facts to suggest that a policy has been the moving force of the allegedly unconstitutional actions. Likewise, the VDOC is not a "person" subject to suit under § 1983 and Hall cannot maintain his action against it. McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992). The court, therefore, will dismiss Hall's Complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief may be granted.

    ENTER: This 30th day of October, 2013.

United States District Court